UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAC HOME LOANS SERVICING, L.P.,

    Plaintiff,

vs.

Civil Case No.
11-cv-10327

GHAZI P. PAUL a/k/a GHAZI PETER
PAUL, JAMILA M. PAUL, and
WELLS FARGO BANK N.A..,

HON. MARK A. GOLDSMITH

    Defendants.
_____/


**OPINION AND ORDER ADOPTING, IN PART,  THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (DKTS. 9, 10)**

This matter is before the Court on the motion to dismiss, or in the alternative, for summary judgment (Dkts. 9, 10), filed by Defendant Wells Fargo Bank, N.A.  Magistrate Judge R. Steven Whalen, to whom all pretrial matters were referred, issued a Report and Recommendation (R&R) on February 27, 2012 (Dkt. 14), recommending that the motion be granted.  Objections were filed by Plaintiff BAC Home Loans Servicing L.P. (Dkt. 15), to which a response was filed by Wells Fargo (Dkt. 16).  Having reviewed the R&R and the parties' submissions, the Court adopts, in part, the R&R and grants Wells Fargo's motion.

The relevant facts are set forth fully in the R&R and need not be repeated at length here. This action is principally a dispute between two mortgage holders regarding priority.  On February 28, 2003, Quicken Loans, Inc. closed on two mortgage loans to Defendants Ghazi and

1

Jamila Paul, one for $100,000 and another for $78,700; both mortgages encumbered the same property and were recorded on May 19, 2003. The first-recorded mortgage ("the Wells Fargo mortgage") – the one for $100,000 – had been assigned to Wells Fargo when the loan secured by that mortgage had been made, on February 28, 2003. The Wells Fargo assignment was later recorded on March 10, 2004. In 2009, both loans went into default. In September 2009, Wells Fargo initiated foreclosure proceedings, publishing notices in September, October and November of that year. During the course of the foreclosure proceedings, the second-recorded mortgage ("the BAC mortgage") was assigned to BAC on November 23, 2009, and the assignment was recorded the next day. The foreclosure sale took place on February 16, 2010, with Wells Fargo the successful purchaser with a credit bid. The redemption period expired on August 16, 2010, without redemption.

BAC delayed taking any legal action until it filed this lawsuit in Oakland County Circuit Court in December 2010 – four months after the redemption period had expired – seeking to quiet title and recover damages for unjust enrichment, all premised on the contention that its mortgage had priority over the Wells Fargo mortgage. Wells Fargo removed the action to this Court, following which it filed the instant motion, contending that the Wells Fargo mortgage had priority over the BAC mortgage, and that, in any event, BAC was not entitled to equitable relief because (i) it had "assumed the risk" of a lower priority when it acquired its interest with a public record reflecting such a lower priority, and (ii) its unreasonable delay in seeking equitable relief amounted to laches. The Magistrate Judge concluded that Wells Fargo was correct as to all of these issues.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint that fails to set forth a plausible claim for relief must be dismissed for failure to state a claim. <u>Ashcroft v. Iqbal</u>, 129 S.

Ct. 1937, 1949 (2009). Under Federal Rule of Civil Procedure 56, the moving party is entitled to summary judgment where the materials before the court show that there is no genuinely disputed issue of material fact, and the moving party is entitled to judgment, as a matter of law. Fed. R. Civ. P. 56(a).

In its response to the motion, BAC acknowledged that the Wells Fargo mortgage was recorded first. But it argued that Wells Fargo was entitled to priority under Michigan law only if Wells Fargo did not have notice of the BAC mortgage at the time it acquired its interest. BAC claimed that Wells Fargo had both actual and constructive notice on the theory that the parties to the granting of the two mortgages – i.e., Quicken and the Pauls – intended the BAC mortgage to be recorded first. BAC argued that Wells Fargo itself knew of this intent, as evidenced by several loan documents that BAC claimed were in Wells Fargo's loan file. In its response, BAC also requested that summary judgment be entered in its favor.

The R&R rejected BAC's claim to priority on a number of bases. It rejected BAC's contention that Wells Fargo was not a subsequent bona fide purchaser without notice of the BAC mortgage under Michigan's "race-notice" statute, Mich. Comp. Law § 565.29, because, as the R&R reasoned, Wells Fargo was not a "subsequent purchaser" at all and had not recorded anything; instead, the R&R concluded, BAC was the subsequent purchaser because it took its assignment several years after Wells Fargo had taken its assignment of mortgage, and Quicken (not Wells Fargo) was the entity that recorded the mortgages. The R&R also faulted BAC's "notice" argument for its focus on what Wells Fargo actually or constructively knew at the time the mortgages were recorded because, it reasoned, the relevant time frame was when Wells Fargo had taken its assignment, which was well before recordation. In addition, the R&R found that BAC had the same obligation to investigate the facts that it claimed Wells Fargo had, and

3

concluded that BAC's lack of diligence in investigating Wells Fargo's interest disqualified it as a "bona fide purchaser." The R&R further found that that Wells Fargo was protected by Mich. Comp. Laws § 565.25, which provides that, following recordation of an instrument, all subsequent interest holders take subject to prior perfected liens. It also concluded that Wells Fargo was entitled to rely on the public record, and that it had no duty to investigate based on the loan documents.

Finally – and critically in this case – the R&R determined that (i) BAC had "assumed the risk" by purchasing its mortgage in the face of a pending foreclosure initiated by Wells Fargo and despite the public record showing the Wells Fargo mortgage was recorded first, and (ii) BAC was guilty of laches for not proceeding more promptly in filing suit, despite its knowledge of the foreclosure. The R&R concluded that BAC "cannot now ask for the equitable remedy of a quiet title action." R&R at 10.

In its Objections, BAC only addresses the issue of whether Wells Fargo was a bona fide purchaser with notice of the BAC mortgage. Obj. at 8-12. However, as Wells Fargo's response to the BAC's Objections points out, BAC fails to address the two other independent grounds supporting dismissal: BAC's "assumption of the risk" and laches. Resp. at 6-8. These grounds were discussed at length in the R&R:

> It is also noteworthy that not only did BAC have actual notice from the public record that its mortgage was subordinate, but it purchased the mortgage while public foreclosure proceedings were under way. Because BAC nevertheless acquired the mortgage with its eyes open to this public information, it assumed the risk associated with its purchase, and cannot now ask for the equitable remedy of a quiet title action. As the Michigan Supreme Court observed in Chilton's, Inc. v. Wilmington Apartment Co., 365 Mich. 242, 248, 112 N.W.2d 434 (1961), "A court of equity will not relieve a party from the consequences of a risk which he voluntarily assumes" (citing and quoting Patterson v. Brown, 32 N.Y. 81; McCredie v. Buxton, 31 Mich. 383, 388; Blunt v. Auditor General, 324 Mich. 675, 680, 37 N.W.2d 671).

Moreover, BAC did not commence its quiet title action until ten months after the Sheriff's Sale, and four months after the redemption period expired. In Flagstar, at *4, the Court observed:

> "Moreover, as noted in Barnard, one who seeks a benefit from the recording laws must incur all risks of the failure to act in accordance with the laws. See Barnard, supra at 163. Here, plaintiff did not accept the assignment of the alleged defectively recorded mortgage until 2004, long after the conveyances to defendants occurred and were recorded. Any detriment inured is the result of plaintiff's own failure to act in accordance with the notice of defendants' interests, plainly given in the public records."

See also Kuschinski v. Equitable & Central Trust Co., 277 Mich. 23, 26, 268 N.W. 797 (1936) ("[I]n seeking to set aside a foreclosure sale, the moving party must act promptly after he becomes aware of the facts upon which he bases his complaint"); Ursery v. Option One Mtg. Corp., 2007 WL 2192657, *9 ("[B]ecause Ursery did not assert his challenge to the acceleration, foreclosure, sale and sheriff's deed until very late–after the six-month redemption period expired (at which time title vested in Option One) – Ursury is guilty of laches")(emphasis in original).

R&R at 10-11.

BAC's inexplicable failure to respond to these particular objections is of a piece with its inexplicable failure to respond to these same arguments when made by Wells Fargo in its brief in support of the motion. See Wells Fargo Br. at 11-13, 14.

Case law makes clear that a failure to object to a particular ground for error in an R&R waives any objection to that claimed error:

> By operation of [28 U.S.C.] section 636(b)(1), any party that disagrees with the magistrate's recommendation "may serve and file written objections" to the magistrate's report, and thereby obtain de novo review by the district court judge of those portions of the report to which objections are made. In the interest of judicial economy, this circuit established . . . that a party must file timely objections with the district court to avoid waiving appellate review. By operation of this supervisory rule, only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.

5

Smith v. Detroit Fed'n of Teachers Local 231, Am. Fed'n of Teachers, AFL-CIO, 829 F.2d 1370, 1373 (6th Cir. 1987) (internal citations omitted).  To the same effect is Willis v. Sullivan, 931 F.2d 390 (6th Cir. 1991):

> The issue is not properly before us, however, since Willis waived it by failing to object to the magistrate's report awarding the $75 per hour.  We have repeatedly held that "a party must file timely objections with the district court to avoid waiving appellate review" and that "[b]y operation of this supervisory rule, only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."

Id. at 401 (internal citations omitted).  The R&R specifically warned the parties of the implications of failing to file specific objections.  Id. at 12 ("Failure to file specific objections constitutes a waiver of any further right of appeal . . . . Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.") (citations omitted).

Because BAC failed to raise any objection to the "assumption of risk" and laches argument, it has waived any objection to them.  Furthermore, this Court has reviewed the R&R's treatment of those arguments and finds that they are in accord with Michigan law and supply independent bases for granting Wells Fargo's motion.  Accordingly, the Court grants summary judgment to Wells Fargo and denies BAC's request for summary judgment.  The Court will conduct a telephone status conference on **Monday, April 16, 2012 at 3:00 p.m.** to determine whether any portion of this case, including claims against the Paul Defendants, will proceed.  **Amy Gottlieb, attorney for Plaintiff shall initiate the call by dialing 810/341-7060 and including the Court when all parties are contacted.**

SO ORDERED.

Dated: March 30, 2012  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
        United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2012.

      s/Deborah J. Goltz
      DEBORAH J. GOLTZ
      Case Manager