UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BAC HOME LOANS SERVICING, L.P.,

          Plaintiff,                         Civil Action No. 11-10327

vs.                                     HON. MARK A. GOLDSMITH

WELLS FARGO, N.A.,

          Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SANCTIONS (DKT. 18)**

## I. INTRODUCTION

This matter is presently before the Court on Defendant Wells Fargo's motion for sanctions against Plaintiff BAC Home Loans Servicing, L.P. (BAC) (Dkt. 18). For the reasons set forth below, the Court denies the motion.

## II. BACKGROUND

The case concerned a dispute between Wells Fargo and BAC regarding priority of mortgages. Because the detailed background facts of the case were recited at length in the Magistrate Judge's Report and Recommendation (R&R) (Dkt. 14) addressing Wells Fargo's dispositive motion and in this Court's Order adopting the R&R in part (Dkt. 17), they will not be repeated in detail here. The facts relevant to the instant motion are as follows.

BAC filed this lawsuit in state court, seeking to quiet title, premised on its theory that its mortgage had priority over Wells Fargo's mortgage. Wells Fargo removed the action to this Court and filed a motion to dismiss or, in the alternative, for summary judgment, making three arguments: (i) its mortgage had priority over the BAC mortgage, (ii) BAC had "assumed the

risk" of a lower priority when it acquired its interest with a public record reflecting a lower priority, and (iii) BAC's unreasonable delay in seeking equitable relief amounted to laches. Def.'s Br. at 9-16 (Dkt. 10).  In its response to the motion, BAC acknowledged that the Wells Fargo mortgage was recorded first, but argued that Wells Fargo was not entitled to priority under Michigan law because Wells Fargo had actual and constructive notice of the BAC mortgage at the time Wells Fargo acquired its interest.  Pl.'s Resp. at 10-20 (Dkt. 11).

In the R&R, the Magistrate Judge rejected BAC's arguments on three grounds.  First, the R&R rejected BAC's contention that its mortgage had priority over the Wells Fargo mortgage under Michigan's "race-notice" statute, Mich. Comp. Laws § 565.29.  R&R at 6-10.  Second, it determined that BAC had "assumed the risk" by purchasing its mortgage knowing that  Wells Fargo had initiated foreclosure and despite the public record showing the Wells Fargo mortgage was recorded first.  Id. at 10-11.  Third, the R&R found that laches barred BAC because BAC had not proceeded more promptly in filing suit, despite its knowledge of the foreclosure.  Id. The R&R concluded by recommending that Wells Fargo's motion be granted.

BAC objected to the R&R, but only addressed the issue of whether Wells Fargo was a bona fide purchaser with notice of the BAC mortgage.  Objections at 8-12 (Dkt. 15).  BAC failed to address the two other independent grounds supporting dismissal: assumption-of-the-risk and laches.  3/30/12 Order at 6 (Dkt. 17).  After reviewing the R&R, the Court overruled BAC's objections and noted BAC's "inexplicable failure" to respond to the assumption-of-the-risk and laches arguments mirrored its "inexplicable failure to respond to these same arguments when made by Wells Fargo in its brief in support of the motion." Id. at 5.

After the Court adopted the R&R in part and granted Wells Fargo summary judgment, Wells Fargo filed the instant motion for sanctions.  Shortly before the sanctions motion was

filed, the attorneys at the Herz Schram law firm representing BAC left Herz Schram.  BAC,

through other attorneys at Herz Schram, filed a response (Dkt. 25); Wells Fargo filed a reply

(Dkt. 27); and a hearing on the matter was held on June 13, 2012.  After the hearing, the Court

requested, and the parties filed, supplemental briefs (Dkts. 32, 33).  The Court requested further

briefing from BAC's former counsel who jointly responded (Dkt. 36).  Wells Fargo filed a reply

(Dkt. 37).

### III.  ANALYSIS

Wells Fargo seeks sanctions under the Court's inherent authority or, alternatively, under

28 U.S.C. § 1927.  As discussed below, the Court does not find sanctionable conduct under

either source of authority.

A.  Parties' Arguments

Wells Fargo argues that the Court should sanction BAC for filing a frivolous action,

allegedly filed to "leverage title or a payment from Wells Fargo."  Def.'s Mot. at 6-7 (Dkt. 18).

Wells Fargo argues that sanctions are warranted because BAC never disputed that its mortgage

was recorded after the Wells Fargo mortgage, BAC did not file suit until four months after the

expiration of the redemption period, and correspondence between counsel demonstrates that

BAC pursued the litigation to pressure Wells Fargo to convey title to BAC.  Id.  Moreover, Wells

Fargo asserts that ignoring dispositive legal authorities cited is sanctionable conduct, and that

BAC did so by ignoring the assumption-of-the-risk and laches arguments throughout the

litigation.  Def.'s Supp. Br. 2-4 (Dkt. 33).

BAC responds by arguing that the Court never found its action to be frivolous and by

contending that Wells Fargo has not supported its allegation that BAC sought to increase Wells

Fargo's costs.  Pl.'s Resp. at 4-8 (Dkt. 25).  Furthermore, BAC states that not addressing the

assumption-of-the-risk and laches arguments "is a hyper-technical argument . . . made in hindsight." Id. at 3. BAC states that these two arguments "are independent grounds for dismissal, indicating that these arguments were not the primary grounds for granting the Motion to Dismiss." Pl.'s Supp. Br. at 2 (Dkt. 33).

In their response, the former attorneys argue that their brief did, in fact, address the assumption-of-the-risk and laches arguments asserted by Wells Fargo. Supp. Br. at 6-7 (Dkt. 36). The former attorneys assert that BAC "only had to, and did in fact, assert that its first mortgage, although recorded second, was superior to the interest held by Defendant." Id. at 8. The attorneys further argue that they believed their claim had merit due to the law and evidence of their case and that Well Fargo's counsel inappropriately disclosed settlement communications. Id. at 8-9. Lastly, the former attorneys argue that they conducted themselves professionally and did not vexatiously multiply the proceedings to warrant sanctions under § 1927. Id. 10-11. In its supplemental reply brief (Dkt. 37), Wells Fargo (i) argues that it did not violate any evidentiary rules by attaching its own letter to the sanctions motion; (ii) explains that its counsel did not violate this Court's local rule regarding seeking concurrence before filing the instant motion; and (iii) re-argues that BAC never addressed the assumption-of-the-risk and laches arguments.

B. Inherent Authority Sanctions

A court may assess sanctions under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is "tantamount to bad faith." Metz v. Unizan Bank, 655 F.3d 485, 489 (6th Cir. 2011) (internal citations omitted). Courts do not need to make an express finding of willfulness, bad faith, or recklessness, if the record sets forth sufficient evidence for sanctions. Id. at 490. However, to impose sanctions under inherent authority, Sixth Circuit law requires a district court to find: (i) the claims

4

advanced were meritless; (ii) counsel for the offending party knew or had reason to know the claims were meritless; and (iii) the motive for filing the suit was an improper purpose such as harassment. Id. at 489.

The assertion of a meritless action does not automatically allow a district court to impose sanctions under its inherent authority. BDT Prods., Inc. v. Lexmark Int'l, Inc., 602 F.3d 742, 753 (6th Cir. 2010) (the "mere fact that an action is without merit does not amount to bad faith") (citations omitted). The filing of a meritless claim may be evidence of bad faith. Id. at 752 n.4. Nonetheless, "the court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." Metz, 655 F.3d at 489 (emphasis in original).

Although it has not set forth an exhaustive list of what would fall in the "something more" category, the Sixth Circuit has stated that "something more" includes findings that (i) a plaintiff filed suit "for purposes of harassment or delay, or for other improper reasons," (ii) a plaintiff filed "a meritless lawsuit and withheld material evidence in support of a claim," or (iii) a finding that a party was "delaying or disrupting the litigation" or "hampering enforcement of a court order." Id. (internal citations omitted). A "pattern of asserting meritless claims and advancing baseless and previously rejected arguments" can also establish that an attorney and his firm acted in bad faith or with an improper purpose. Issa v. Provident Funding Grp., Inc., No. 09-12595, 2010 WL 3245408, at *4 (E.D. Mich. Aug. 17, 2010) (law firm had filed over ninety complaints with nearly identical issues, the bulk of which were filed for an improper purpose).

Furthermore, courts have ordered sanctions under their inherent authority when the attorney's action triggered significant expense by unreasonably prolonging the litigation. See, e.g., Metz, 655 F.3d at 488-490 (affirming inherent authority sanctions where plaintiff's counsel

necessitated a defendant's "on-going participation in a lawsuit from which it had already been dismissed with prejudice" and "forced the unnecessary expenditure of time and resources to defend against frivolous and baseless claims"); Thompson v. Moore, No. 09-2033, 2011 WL 3289728, at *5-*6 (N.D. Ohio Aug. 1, 2011) (imposing sanctions under inherent authority where plaintiff's counsel used lawsuit as "burdensome bargaining chip" to settle other litigation, fought removal to federal court, and then, without good cause, failed to file a timely opposition to the defendants' dispositive motion, and made no discovery requests); Dubuc v. Green Oak Twp., 482 F. App'x 128, 132-133 (6th Cir. 2012) (affirming "inherent authority" sanctions where district court found that pro se plaintiff, an attorney, filed lawsuit for purpose of harassment or delay to impede defendant-city attorney from performing his job, although defendant was immune from suit).

After reviewing the arguments by the parties, the Court denies Wells Fargo's motion for sanctions under the Court's inherent authority.  Sanctions are not warranted because Wells Fargo has not adequately demonstrated that BAC or its counsel did something more than file an action that was ultimately dismissed.  Courts generally have granted sanctions under their inherent authority when the sanctionable conduct was much worse than the conduct in this case. See Metz, 655 F.3d at 488-490; Thompson, 2011 WL 3289728, at *5-*6; Dubuc, 482 F. App'x at 132-133.

Nor has Wells Fargo demonstrated that BAC's complaint was seriously lacking in merit. BAC's basic position was that its mortgage was entitled to priority, even though recorded after Wells Fargo's mortgage, on the theory that Wells Fargo had both actual and constructive notice of the BAC mortgage at the time Wells Fargo acquired its interest, and that it knew that the intent of the original parties to the mortgage was that the BAC mortgage would have priority.

BAC's position, as such, was not a frivolous disregard of Michigan's "race-notice" statute because notice of a prior, but unrecorded, interest may well affect priority.  See Richards v. Tibaldi, 726 N.W. 2d 770 (Mich. Ct. App. 2006).  While the R&R ultimately rejected BAC's argument, Wells Fargo has never demonstrated that BAC's basic position is patently without merit.  Moreover, this Court has never ruled that BAC's basic position is frivolous or even incorrect.  Rather, the Court found that BAC had waived any objection to the R&R analysis that equitable relief would not be appropriate because of assumption-of-the-risk and laches.

The real target of Wells Fargo's attack is the failure of BAC's counsel to respond to Wells Fargo's assumption-of-the-risk and laches arguments in the motion to dismiss and the failure to object to them after the entry of the R&R.  But BAC has credibly argued that it honestly believed that its argument in support of its basic position on the "race-notice" statute would obviate any objection based on assumption-of-the-risk and laches.  That view was mistaken, as this Court has previously ruled.  But the Court cannot say that BAC's approach is so devoid of sound legal judgment that it amounted to bad faith.  Not every failure to object to an R&R amounts to bad faith; otherwise, every such failure to object could well lead to sanctions.

Other bases for sanctions under inherent authority are also lacking. The Court finds that: (i) the suit was not filed for purposes of harassment or delay; (ii) neither BAC nor its counsel withheld material evidence; and (iii) there has been no showing that BAC delayed the litigation or hampered the enforcement of a court order.  Metz, 655 F.3d at 489.

Therefore, the Court declines to sanction BAC or its counsel under the Court's inherent authority.

C.  Sanctions Pursuant to 28 U.S.C. § 1927

7

The Court also declines to sanction BAC's former counsel under 28 U.S.C. § 1927. That statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Only attorneys or others "admitted to conduct cases" may be sanctioned under § 1927, as the provision does not authorize the imposition of sanctions on law firms. BDT, 602 F.3d at 751.

Sixth Circuit law recognizes a court's ability to sanction an attorney under § 1927 "despite the absence of any conscious impropriety." Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009). If an attorney knows or reasonably should know that either the claim he or she is pursuing is frivolous, or that his or her litigation tactic will needlessly obstruct the litigation of nonfrivolous claims, sanctions may be warranted, even in the absence of any finding of bad faith. Id. The Sixth Circuit has further explained the standard for awarding sanctions under this statute:

> Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997) (quoting In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987)). Put another way, "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006). Examples of conduct warranting sanctions under § 1927 include pursuing frivolous claims for five years without developing evidentiary support after full discovery, Ridder, 109 F.3d at 298-

8

299, and pursuing discovery to obtain information for proceedings other than the pending suit. Shepherd v. Wellman, 313 F.3d 963, 969 (6th Cir. 2002).

Here, BAC's counsel did not unreasonably multiply the proceedings.  As noted above, BAC presented a colorable claim that was not determined to be frivolous or meritless.  The motion practice was relatively succinct, and there is no evidence of abusive conduct, such as prolonged discovery that yielded no evidence.  As the matter was referred to a magistrate judge by the Court (Dkt. 3), the issuance of the R&R and opportunity to file objections did not extend the proceedings.  While BAC's objections to the R&R were deficient, the deficiency did not multiply the proceedings.   Because the deficiency consisted in failing to object to two independent bases for the R&R's conclusion, this – ironically – made it easier for Wells Fargo to prevail.  Thus, this is not a case where frivolous arguments were raised, necessitating additional work to be performed by the opposing party.  See, e.g., Ridder, 109 F.3d at 298.  The failure to raise objections to two dispositive grounds may well reflect negligence or incompetence, but it does not amount to multiplying the proceedings in an unreasonable or vexation manner. Therefore, there is no basis for sanctions under 28 U.S.C. § 1927.

## IV.  CONCLUSION

For the reasons explained above, the Court will not impose sanctions on BAC or its attorneys under its inherent authority or 28 U.S.C. § 1927.  Accordingly, the Court denies Wells Fargo's motion for sanctions (Dkt. 18).

SO ORDERED.


Dated:  March 19, 2013                                    s/Mark A. Goldsmith
       Flint, Michigan                                    MARK A. GOLDSMITH
                                                          United States District Judge

9

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 19, 2013.

<div style="margin-left: 50%;">

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager

</div>